JENKINS et al. v. ATLANTIC COAST LINE R. CO.

(Circuit Court, D. South Carolina. May 18, 1910.)

1. CARRIERS (§ 306*)—INJURIES TO PASSENGERS—COMPANIES LIABLE—CONTRACTS—"PRIVITY."

Where C., owning a roadbed, leased rolling stock from the A. Co., at a specified mileage rental, the C. Company having control of the trains, operators, etc., while on its tracks and being primarily and solely responsible for the damages to property or injuries to passengers arising from any accidents to the trains while on its line, there was a privity between the two companies in so far as they were liable to a passenger for injuries; the term "privity" being used to denote mutual or successive relationship to the same right of property, or those so connected with the parties in estate as to be identified with them in interest, and consequently affected by them (citing 6 Words and Phrases, pp. 5606–5611).

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1249–1251; Dec. Dig. § 306;* Railroads, Cent. Dig. §§ 812, 841.]

2. ACTION (§ 53*)—CAUSES OF ACTION—SPLITTING.

Where a passenger was injured by the carrier's neglect of duty to carry her safely, there was but one cause of action, which she could not split.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

3. JUDGMENT (§ 828*)—RES ADJUDICATA—PARTIES—PRIVITY.

The C. Railroad Company operated equipment belonging to the A. Company, for which a mileage rental was paid, the C. Company having complete control of the operation of trains over its tracks and as between

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it and the A. Company, liable for injuries to persons and property resulting therefrom. *Held* that, where a passenger injured on such track brought suit in a state court against the C. Company, in which judgment was rendered in its favor, such judgment was res judicata against the passenger's right to sue the A. Company in a federal court for injuries arising out of the same accident.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

At Law. Action by Martha A. Jenkins and her husband against the Atlantic Coast Line Railroad Company. On motion to strike the second defense from the answer. Denied.

J. J. McSwain, for plaintiffs.
Willcox & Willcox and Lucian W. McLemore, for defendant.

BRAWLEY, District Judge. This is a motion to strike out the allegations contained in the answer setting up a second defense. In substance, this second defense is that the plaintiff herein commenced and prosecuted an action in the court of common pleas for Laurens county against the Columbia, Newberry & Laurens Railroad Company, wherein she sought to recover damages for the same injuries as are set forth in the complaint in this action, and that by reason of the relation and privity existing between this defendant and the said Columbia, Newberry & Laurens Railroad Company, the judgment rendered in that cause by a court of competent jurisdiction operates as a bar to this action. The answer sets forth the contract between the two companies, and alleges that by the terms of said contract the Columbia, Newberry & Laurens Railroad Company is primarily and solely responsible for any and all damages for injuries arising from the operation of all trains of the defendant company while upon its line of railroad, and by express terms is liable over to this defendant for any sum or sums that may be recovered for such injuries. It further alleges that the train upon which the plaintiff was riding was not operated by this defendant; that the ticket upon which she was riding was not purchased of it, nor did this defendant receive any portion of the charge for the carrying of the plaintiff as a passenger. I do not consider it necessary upon this motion to decide all the questions that might arise under this contract. It is sufficient to say that it shows a privity between the Columbia, Newberry & Laurens Railroad Company and the defendant company. The roadbed is owned by the first-named company, and the rolling stock by the defendant company, which was operated under the contract referred to. This contract is in the nature of a lease by the Atlantic Coast Line Company to the Columbia, Newberry & Laurens Company of its rolling stock, etc., the conduct of the trains, their officers, operatives and cars while upon the Columbia, Newberry & Laurens Railroad, to be under the rules, orders, and control of that company, which was to receive the total revenue, paying as compensation to the Atlantic Coast Line Com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pany 19 cents a mile for each mile of the run and a stipulated car hire; the Columbia, Newberry & Laurens Railroad Company to be primarily and solely responsible for all damages to property or injury to persons arising from any accident to said train while on the line of said company, between Columbia and Laurens.

I find the following definitions of privity and privies in Words and Phrases:

"The term 'privity' denotes mutual or successive relationship to the same right of property."

"Privies," as defined by Bouvier, are "persons who are partakers, or have an interest in any action, or thing, or any relation to another." "Privies" are "those whose relationship to the same right of property is mutual and successive. Privies are classified as those of blood, in law or in estate." "Privity of estate is that which exists between lessor and lessee, tenant for life and remainderman or reversioner, etc., and their respective assignees, and between joint tenants and copartners." "Privies are those so connected with the parties in estate as to be identified with them in interest, and consequently affected by them." By all the definitions it seems to me clear that there existed the relation of privity between the Atlantic Coast Line Company and the Columbia. Newberry & Laurens Railroad Company. The fact that the learned counsel for the plaintiff has brought two successive actions against these companies arising out of the same accident seems to concede that in his opinion there was such privity. Conceding, for the sake of this motion, that the plaintiff, a passenger, had a right of action against either of these companies, or against both, how does the case stand? Her cause of action is that of the passenger against the carrier for the negligence of the carrier in not safely carrying her. In her action against the Columbia, Newberry & Laurens Railroad Company she alleged that she bought a ticket from that company and became a passenger on September 7, 1908, on her way from Newberry to Laurens, and thence to Greenville, leaving Newberry between 12 and 1 o'clock; that when said train was approaching Gary's Lane she noticed the train was running very fast; that she was thrown violently forward by reason of a sudden jerk, jolt, and shock to the coach in which she was sitting. It was for the injuries thus received that she claimed damages in the sum of $15,000. This cause was tried in the court of common pleas at Laurens. I have examined the record of that case, consisting of 191 pages of testimony; the charge of the presiding judge; the motion for new trial; and the order of the judge denying the same. This was a court of competent jurisdiction, and there seems to have been a fair trial upon the merits. A jury, after considerable deliberation, and repeated instructions, found for the defendant company. A new trial was moved and refused, and that, it seems, ought to be the end of the case. "Justice requires that every cause be once fairly and impartially tried, but the public tranquility demands that, having been once tried, all litigation of that question between those parties should be closed forever." 1 Greenleaf, Ev. § 522.

In a well-considered case in the Supreme Court of Maine (Emery v. Fowler, 39 Me. 326, 63 Am. Dec. 627), where it was held that a party could not be permitted to bring action against a principal for alleged trespass, and after failing upon the merits to subsequently bring one against the servant, who acted by the order of the principal, the court said:

"In such case the technical rule that a judgment can only be admitted between the parties to the record or their privies expands so as to admit it when the same question has been decided, and judgment rendered between parties responsible for the acts of others."

The contention of the plaintiff here is that in the suit in the former action the allegations of negligence were that the defendant company had a defective track and defective trucks, and that the specific acts of negligence in this action are that the defendant company furnished inexperienced servants, and violated slow orders. In examining the testimony in the case at Laurens, it appears that one of the points upon which testimony was offered was that the engineer in charge of the train was inexperienced upon that track, that being his first trip over it. It also appears that in the trial the question whether slow orders were given or observed was a subject upon which considerable testimony was given, and it appears from the report of the trial that after the jury had retired and deliberated for some time, it came back into the courtroom, and the foreman said:

"We came out to ask for a charge on the subject, and it is this: In this special case, if the railroad failed to observe slow-down orders in this specific case at this time, at the time of this wreck, would they be responsible if damage occurred in this wreck, at this specific time?"

The court in charging the jury referred to the specific acts of negligence stated in the complaint, and said:

"Now, you can take into consideration in reference to the safety of the track—you can take into consideration—whether the track would be safe for a train to run at one speed or another, just as you see proper; you can take that in reference to the safety of the track—in other words, Mr. Foreman, in considering the question of the safety of the track, you would have a right to consider whether or not it is safe to run, whether the track might be safe at one speed and unsafe at another. You would have a right to consider those questions in connection with the allegations of the complaint."

Thereupon Mr. McSwain, attorney for plaintiff there and here, said:

"Would your honor permit this suggestion: That if the jury find that an act of negligence complained of, combined with another act of negligence not complained of, have produced the injury as a proximate cause, that would seem to be the proximate cause as to the injury complained of? The Court: Yes, sir; that would be true. Mr. Foreman, you can take into consideration, as I said, the question of speed, all those sort of * * * questions, in connection with the allegations of negligence, safety of the track, and so on."

So, it appears that the question of the speed of the train at the time of the accident was a question, which was directly in issue in that trial. Whether that was so or not, a party who has a cause of action growing out of a tort, cannot be permitted to divide the tort, and make it the subject of different suits.

The plaintiff's cause of action here is that as a passenger she had

a right to safe carriage. That is her primary right, and there is a corresponding primary duty devolving upon the carrier to safely carry her. It was for this neglect of duty—this delict—resulting, as she alleged, in injury to her, that she claims damages against the carrier. This is an entire claim for a single tort, and all the various items tending to show negligence on the part of the carrier, and all of the elements of damage to her resulting from such negligence must be included in the one action wherein she is entitled to recover such compensation as she may be entitled to for each and all of such items. Some remarks of the Vice Chancellor in the case of Henderson v. Henderson, 3 Hare, 100, have been cited more than once by the Supreme Court of the United States as to the necessity of having the subject of particular litigation as a whole at once before the court, and not by piecemeal, and nowhere is the law more correctly stated. They are as follows:

"In trying this question, I believe I state the rule of court correctly that when a given matter becomes the subject of litigation in and of adjudication by a court of competent jurisdiction, the court requires the parties to bring forward their whole case, and will not, except under special circumstances, permit the same parties to open the same subject of litigation in respect of matter which might have been brought forward as part of the subject in controversy, but which was not brought forward, only because they have, from negligence, inadvertence, or even accident, omitted part of the case. The plea of res adjudicata applies, except in special cases, not only to the points upon which the court was required by the parties to form an opinion, and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time."

The question actually litigated and determined in the former action in the court of common pleas for Laurens county was the negligence of the railroad company, and the resulting injuries to the plaintiff. It appears from the testimony in that case that she was a passenger riding in the passenger coach; that the tender attached to the engine was derailed, causing the stoppage of the train with a sudden jerk and jolt, which the plaintiff alleged caused her injuries. Testimony was offered tending to show that there had been heavy rains some days prior to the accident; that the engineer was not familiar with the road, and that the train was running too fast, considering the condition of the track. The same questions arise in the present action, and the same testimony would probably be offered on both sides. The plaintiff has had her day in court in a forum of her own choosing, wherein every element tending to show negligence upon the part of the carrier was or could have been presented, and a court of competent jurisdiction has decided against her. To use a phrase of Mr. Justice Campbell, in the Supreme Court of the United States:

"Experience has disclosed that for the security of rights and the preservation of the repose of society a limit must be imposed upon the facilities for litigation."

The same thought is expressed in the Latin phrase:

"Interest republicæ ut sit finis litium."

The motion is refused.