## Balewski, Appellant, *v.* Carnegie Steel Co.

*Negligence—Master and servant—Fellow servants—Explosion—Nonsuit.*

1. An employer cannot be expected to stand by during the progress of the work to guard against danger from the failure of some workman to do his part.

2. In an action against a steel manufacturing company to recover damages for personal injuries caused by the explosion of a converter used in the making of steel, it appeared that at a certain stage in the process it was customary to pour water into the converter and that no explosion had ever occurred before; that it was considered entirely safe so to do, provided the water was blown out or reduced to steam before raising the vessel to a perpendicular position. All the facilities for doing the work in the customary way were provided and except as it might be inferred from the fact that the explosion occurred there was nothing to show that water remained in the converter when it was raised to a vertical position. *Held,* that a compulsory nonsuit was proper.

Argued Oct. 29, 1913. Appeal, No. 36, Oct. T., 1913, by plaintiff, from order of C. P. No. 4, Allegheny Co.,

Third T., 1909, No. 352, refusing to take off a compulsory nonsuit in case of Albert Balewski, plaintiff, afterwards substituted to Mary A. Balewski, Administratrix of Albert Balewski, deceased, v. Carnegie Steel Company, a corporation.  Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

The trial judge entered judgment of compulsory nonsuit which the court in banc subsequently refused to take off.  Plaintiff appealed.

*Error assigned,* among others, was the refusal to take off the nonsuit.

*Dennis Æ. Behen,* for appellant.

*John J. Heard,* with him *Reed, Smith, Shaw & Beal,* and *Wm. A. Seifert,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1914:

This is an appeal from the refusal of the court below to take off a judgment of compulsory nonsuit.  The defendant company was charged with negligence in the method of operating a Bessemer converter, used in the process of making steel at its works.  From the testimony it appears that at a certain stage in the process it was customary to pour water into the converter.  As the trial judge says in his opinion, "such had been the practice at these works for at least a year, and perhaps four years prior to the explosion; and it does not appear that any explosion had ever occurred before.  It does not appear that the use of water with which to cool the converter was, of itself, dangerous, but on the contrary it was considered entirely safe provided the water was blown out or reduced to steam before raising the vessel

to a perpendicular position. Otherwise it was considered dangerous." It seems that in this case the converter exploded after being raised to a vertical position. But except as it may be inferred from the fact that the explosion occurred, there was nothing to show that water remained in the converter when it was raised from the horizontal to the vertical position. If this was the case, it was the fault of the men in charge of the converter. There was nothing however to show any departure from the usual and ordinary practice in the use of the converter. We agree with the trial court, that the case is bare of evidence tending to show any failure of duty upon the part of the defendant company. All the facilities for doing the work in the customary way, were provided. The air blast was turned on seemingly for the usual time and in the usual way prior to raising the converter, with the presumed effect of blowing out of the converter any remaining water. Possibly a closer inspection of the condition of the converter might have shown some water remaining in it. But for any lack of attention of this nature upon the part of the workmen to whom the execution of this particular duty was assigned, the defendant company could not be held responsible. The employer cannot be expected to stand by during the progress of the work to guard against danger from the failure of some workman to do his part. The evidence, however does not in this case show any such failure. The direct cause of the accident did not appear.

We think the action of the court below was justified by the evidence, and its refusal to take off the judgment of compulsory nonsuit is affirmed.