## MILLER v. SPOKANE INTERNATIONAL RY. CO.

(Circuit Court of Appeals, Ninth Circuit. November 12, 1923.)

No. 3957.

1. **Action ⊗═53(2)—Cause of action for personal injury is indivisible.**

A cause of action for a personal injury is indivisible, and plaintiff in an action thereon must allege and prove all grounds of liability on which he relies.

2. **Judgment ⊗═597—Judgment held bar to second action for same tort.**

A judgment for defendant in an action against a railroad company for a personal injury alleged to have been caused by failure of defendant to comply with the rules and regulations adopted under Boiler Inspection Act Feb. 17, 1911 (Comp. St. § 8630 et seq.), in a particular respect, *held* a bar to a second action for the same injury, in which failure to comply with a different requirement of such regulations was alleged as the cause of injury.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action at law by George E. Miller against the Spokane International Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

In a previous action plaintiff in error, an engineer, failed to recover from the railway company for damages for personal injuries, alleged to have been sustained through the negligence of the defendant railroad. Judgment went in favor of the railroad company. Plaintiff there pleaded violation of the Locomotive Boiler Inspection Act (36 Stat. 913 [Comp. St. § 8630 et seq.]) and the federal Employers' Liability Act (35 Stat. 65 [Comp. St. §§ 8657–8665]). His allegations were that while on duty he stepped upon the apron of the engine and fell between the locomotive and the tender; that the regulations of the Interstate Commerce Commission (section 117, relating to Boiler Inspection Act) provide that: *"Cab Apron shall be of Proper Length and Width to Insure Safety.* Aprons must be securely hinged, maintained in a safe and suitable condition for service, and roughened, or other provision made to afford secure footing." That the apron was smooth, and was not maintained in a safe condition, was not roughened or made to afford secure footing. That the apron did not fit smoothly, or was not on a level with the floor of the tender, and that by reason of its extension upward an inch or more above the floor of the tender, plaintiff tripped upon the apron and fell.

Thereafter plaintiff brought the present action, alleging that while on duty he stepped upon the metal apron attached to the locomotive and extending across the space between the locomotive and the tender; that while stepping upon the apron he slipped thereon and fell through the uncovered space between the locomotive and the tender; that the cause of his slipping and falling was the violation of the Locomotive Boiler Inspection Act (36 Stat. 913), and the federal Employers' Liability Act (U. S. Comp. St. § 8657) by the rail-

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

road company, in that it negligently failed to conform to section 117 of the rules hereinbefore quoted, and rule 152c which reads as follows: "(c) The minimum width of the gangway between the locomotive and tender, while standing on straight track, shall be sixteen (16) inches." It is alleged that the railroad company used an apron approximately 9 inches too short at each end to insure safety, thus leaving a hole 13 by 16 inches between the front tender sill and the tail piece on the locomotive, and that by reason of the hole there were only approximately 8½ inches in width of standing space at the gangway about the place where plaintiff slipped. The defendant company denied negligence, and pleaded the proceedings and judgment had in the first action, heretofore referred to. Plaintiff replied, admitting that the injuries sued for in the last action were the same as those referred to in the first cause of action, but alleging that the negligence in the second cause of action and the action thereon are not the same as that set forth in the former complaint. The District Court sustained a motion to dismiss, on the ground that the first judgment was a bar, whereupon plaintiff below brought writ of error.

George D. Ayers, of Spokane, Wash., for plaintiff in error.

Allen, Winston & Allen, Alex M. Winston, and F. D. Allen, all of Spokane, Wash., for defendant in error.

Before HUNT, Circuit Judge, and BOURQUIN, District Judge.

HUNT, Circuit Judge (after stating the facts as above). Counsel for the plaintiff refers to the statutes hereinbefore cited, and contends that it was obligatory upon the carrier to use certain safety appliances and to observe certain specific directions concerning the kind and use of certain specific parts of locomotives, their tenders and appurtenances; that the observance of each specific rule is made a specific duty and that any violation resulting in injury to the employé becomes a specific actionable tort; that violation of each specific rule constitutes a new tort; and that, although the different specific torts may have resulted in the same damage, adjudication that one specific duty was not violated does not preclude recovery in a case where the violation of another specific duty has been alleged and proved.

Counsel cites the provisions of the Act of February 17, 1911, supra, which provides, among other things, that the carrier must file rules and instructions for inspection with the chief inspector appointed by the President, and that rules and instructions, subject to such modifications as the Interstate Commerce Commission regulations, shall become obligatory upon the carrier; also section 9 of the act (Comp. St. § 8638), which provides that a carrier violating any rule or regulation made under the provisions of the act shall be liable to a penalty to be recovered in a suit brought by the United States, and argues that inasmuch as under the last act referred to the carrier is liable to the imposition of a penalty for each rule or regulation violated, a civil liability exists in favor of the injured person, and that the rule against splitting of actions is not applicable because the present action does not refer to a legal duty, the violation of which was the basis of the first action.

[1] It is at once recognized that a disregard of the provisions of the Safety Appliance Act by the carrier is wrongful, and where damage results to one of the class for whose especial benefit the statute was enacted, a right of action to recover damages exists (St. Louis, I. M.

& S. R. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061); but, even so, that in no way detracts from the applicability of the principle that where there is a single tort and an entire claim is interposed to recover damages for the tort, all the various items which are relied upon to sustain the allegations of damages on the part of the carrier must be included in the one action in which the injured person seeks to recover (Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Sayward v. Thayer, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137). The well-established rule is a single tort can be the foundation for but one claim for damages (1 Freeman on Judgments, § 241), and that all the damages which result from a single tort form an indivisible cause of action (1 Sutherland on Damages, 183; 2 Black on Judgments, § 738; Sweeney v. Waterhouse & Co., 43 Wash. 613, 86 Pac. 946; 1 C. J. p. 1117.

It is the personal injury that is the gist of the action, and although negligence alleged may have been caused by the omission to comply with one of several specific requirements which it was the duty of the carrier to do, nevertheless plaintiff had but one cause of action, and having selected one defect of several upon which he might have based his action, he cannot now bring another suit based upon another specific defect. In Stark v. Starr, 94 U. S. 477, 24 L. Ed. 276, the court said:

"It is undoubtedly a settled principle that a party seeking to enforce a claim legal or equitable, must present to the court, either by the pleadings or proofs, or both, all the grounds upon which he expects a judgment in his favor. He is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible."

[2] We cannot find any solid ground upon which to except the present action from the principle stated. Jenkins v. Atlantic Coast Line R. Co. (C. C.) 179 Fed. 535; Clare v. New York & N. E. R. Co., 172 Mass. 211, 51 N. E. 1083.

The judgment is affirmed.