## VAN NORDEN v. CHAS. R. McCORMICK LUMBER CO. OF DELAWARE.

(Circuit Court of Appeals. Ninth Circuit. February 7, 1927.)

### No. 4951.

**1. Master and servant ⟨⇒286(27)—Evidence of custom of slacking head line, injuring stevedore, held insufficient for jury on question of negligence (Oregon Employers' Liability Law).**

In stevedore's action, under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), for injuries from being thrown from dock by unexpected tightening of head line of vessel which he was attempting to remove from cleat on dock, evidence showing that it was customary to give slack by removing wraps of head line on niggerhead and paying out line by hand, instead of coming back on windlass, *held* insufficient to go to jury on question of negligence.

**2. Master and servant ⟨⇒287(1)—Evidence held insufficient for jury on question of mate's negligent failure to supervise stevedore's work (Oregon Employers' Liability Law).**

In stevedore's action, under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), for injuries from unexpected tightening of ship's head line, which he was attempting to remove from cleat on dock, evidence that mate in charge ordered longshoremen to "haul ship," but did not take position in forecastle head and actively direct work, *held* insufficient to go to jury on question of negligent failure to supervise work.

**3. Master and servant ⟨⇒164—Oregon Employers' Liability Law does not require employer to supervise every detail of employee's work.**

Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), holding employer responsible for failure to use every care and precaution, does not go so far as to require employer to supervise every detail of the labor of each employee in the ordinary course of work.

**4. Master and servant ⟨⇒287(3)—Evidence held insufficient for jury, in absence of showing windlass man was not fellow servant of stevedore injured by head line (Oregon Employers' Liability Law).**

In stevedore's action, under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), for injuries from unexpected tightening of vessel's head line, which he was attempting to remove from cleat on dock, evidence that man at vessel's windlass tightened line, instead of making it slack, in response to plaintiff's call for slack, *held* insufficient to go to jury on question of negligence, in absence of any showing that man at windlass was not a coemployee of plaintiff, or that defense of fellow servant was inapplicable.

**5. Master and servant ⟨⇒179—Under Oregon Employers' Liability Law, fellow-servant defense is inapplicable only where injury is caused by one in authority.**

Under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), defense of fellow servant is inapplicable only where injury was caused by one in authority over injured servant, and on account of whose superiority servant could not have been expected to assert influence in matter of care and caution.

**6. Master and servant ⟨⇒179—"Or other person," used in Oregon Employers' Liability Law, does not exclude defense of fellow servant in charge of machine.**

The words "or other person," used in Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), following "superintendent, manager, foreman," do not enlarge the scope of the act, so as to exclude the defense of fellow servant in every case of negligence of an employee in charge of any machine or device used in employer's work.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other.]

**7. Appeal and error ⟨⇒882(3)—Stevedore, electing to try action under Oregon Employers' Liability Law, held not entitled to apply Merchant Marine Act abolishing fellow-servant rule.**

Where stevedore, suing for injuries from unexpected tightening of head line while he and man at vessel's windlass were engaged in warping vessel forward alongside dock, elected to try case under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), he was not entitled to have provisions of Merchant Marine Act (41 Stat. 988, amended by 43 Stat. 467, and 43 Stat. 947), abolishing fellow-servant rule applied.

**8. Appeal and error ⟨⇒172(1)—Plaintiff in error may not present a new ground of recovery.**

On writ of error, Circuit Court of Appeals is limited to review of errors in rulings of lower court; hence plaintiff in error may not mend his hold and present a new ground of recovery not suggested to trial court.

**9. Master and servant ⟨⇒285(5)—Evidence of inadequate lighting held insufficient for jury, where windlassman could not see stevedore, regardless of light.**

In stevedore's action, under Oregon Employers' Liability Law (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), for injuries from unexpected tightening of vessel's head line, which he was attempting to remove from cleat on dock, evidence of alleged inadequate lighting preventing man at windlass from seeing plaintiff *held* insufficient to go to jury, where plaintiff admitted that windlass man could not have seen him, regardless of amount of light.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action by Leonard Van Norden against the Chas. R. McCormick Lumber Company of Delaware. Judgment for defendant, and plaintiff brings error. Affirmed.

Lord & Moulton, of Portland, Or., for plaintiff in error.

McCamant & Thompson and Ralph H.

King, all of Portland, Or., and McCutcheon, Olney, Mannon & Greene, of San Francisco, Cal., for defendant in error.

Before GILBERT and RUDKIN, Circuit Judges, and NETERER, District Judge.

GILBERT, Circuit Judge. The plaintiff in error, the plaintiff below, was one of a gang of stevedores employed by the defendant in loading one of its vessels. The vessel was moored to a dock. At about 6 o'clock p. m. the mate gave an order to "haul ship," which meant to move her forward parallel with the dock. This was done by a windlass aft hauling on the head line, which was attached to a cleat on the dock. In moving the vessel forward the plaintiff was struck by the head line and thrown against the dock, and fell on a fender log, whereby he was injured. He testified that the mate told him to "move that head line"; that in attempting to remove the line from the cleat he found there was not enough slack, and he called for slack, but that, instead of giving slack, the man in charge of the windlass turned on the steam, causing the line to snap tight and throw him up in the air and down into the river.

The action was brought under the Employers' Liability Act of the State of Oregon (Or. L. § 6785 et seq., as amended by Laws 1921, p. 38), and negligence was charged, in that (1) the method adopted by the mate in hauling the ship was negligent; (2) the windlass man was negligent, in that he drew the head line taut instead of paying out slack; (3) it was dark and foggy, and the vessel was not equipped with lights, so that the windlass man could see the plaintiff. At the close of the evidence the court below directed the jury to return a verdict for the defendant. That ruling is assigned for error, and the question presented is whether there was evidence upon which the case should have been submitted to the jury.

[1] As to the first ground of negligence charged, which was that the mate should have required the wraps of the head line on the niggerhead to be removed, and the line paid out to the plaintiff when he called for slack, instead of which the method adopted was to attempt to give slack line by coming back on the windlass, without removing the wraps of the line around the niggerhead, the plaintiff testified that the method of procedure customarily followed when they are about to give slack for the purpose of moving the head line was to take the line off the niggerhead and pay it off by hand. But there was no evidence that the method adopted was a negligent one. All that the record discloses as to the method of work is that the mate ordered the longshoremen to "haul ship."

[2] It is contended that he should have taken his position on the forecastle head and actively directed and controlled the work, that such was the customary method of operation in hauling ship, and that under the provisions of the Employers' Liability Act of Oregon it was the defendant's duty to exercise constant supervision over the work. Passing by the question whether, under a charge of negligence which challenges only the method of work adopted by the defendant, it may be shown that there was negligent failure to supervise the work, we are of the opinion that the contention is unsound. Camenzind v. Freeland Furniture Co., 89 Or. 158, 174 P. 139; McGrath v. Thompson, 231 Pa. 631, 80 A. 1109; Balewski v. Carnegie Steel Co., 243 Pa. 366, 90 A. 193.

[3] The plaintiff testified that, in carrying on the work of moving a ship along a dock, there had been a general custom up and down the coast, "in force ever since I have been employed in various ports for some 10 years." But the Employers' Liability Law of Oregon, while it holds the employer responsible for failure to use every care and precaution to make safe the working place of the employé and the machinery by him used, does not go so far as to require him to supervise every detail of the labor of each employé in the ordinary course of the work, and the court below properly ruled that there was no duty imposed by law upon the mate to stand by the longshoremen and see that they did their work in the usual and ordinary way.

[4] As to the second charge of negligence, that the person who operated the windlass tightened the head line, instead of making it slack, in response to the plaintiff's call for slack, the plaintiff testified that he saw a man in charge of the windlass; but he did not identify him, and the record is silent as to who he was or what authority, if any, he had to supervise or direct the plaintiff. There is nothing to show that he was not one of the sailors and a coemployé of the plaintiff, or that the defense of fellow-servant does not apply.

[5] The Employers' Liability Act makes that defense inapplicable only where the injury "was caused by one in authority over the injured servant, and on account of such superiority the employee could not have been expected to exert such an influence over his foreman in the matter of care and caution, as over a coservant who stood upon an equal

footing with him." Browning v. Smiley-Lampert Lumber Co., 68 Or. 502, 512, 137 P. 777, 780.

[6] We cannot assent to the proposition that the words "or other person," as used in the act, following the specification of "superintendent, manager, foreman," enlarge the scope of the act, so as to exclude the defense of fellow servant in every case of negligence of an employé in charge of any machine or device used in the employer's work. The act makes the defense inapplicable only to persons "in charge or control of the works, plant, machinery, or appliances." Or. L. § 6789. Bottig v. Polsky, 101 Or. 530, 201 P. 188. Here the plaintiff and the man in charge of the windlass were engaged in a common purpose, the warping of the schooner forward alongside the dock, under the direction of the mate, the windlass man at one end of the head line, the plaintiff at the other end, both doing work upon an equal footing, and neither being required to obey the directions of the other.

[7] In this connection the plaintiff contends that the provision of the Merchant Marine Act (41 Stat. 988, amended by 43 Stat. 467, and 43 Stat. 947), which abolishes the fellow-servant rule should have been applied, notwithstanding that at the beginning of the trial he made his election to try his case "within the terms" of the Employers' Liability Law. The proposition which he presents to this court was not presented to the court below.

[8] In reviewing the proceedings of that court on writ of error, we are limited to errors in its rulings, and in an appellate court the plaintiff in error may not mend his hold and present a ground of recovery not suggested to the trial court. New York, etc., Railroad Co. v. Estill, 147 U. S. 591, 13 S. Ct. 444, 37 L. Ed. 292; Illinois Cent. R. Co. v. Egan (C. C. A.) 203 F. 937; Missouri, K. & T. Ry. Co. v. Wilhoit (C. C. A.) 160 F. 440. It is said that the Merchant Marine Act indicates the intention of Congress to abolish the fellow-servant rule as to all members of a crew of men employed to load a ship in interstate commerce, whether working on the ship or on the dock, and that such is the implication of the decision of the Supreme Court in International Stevedoring Co. v. Haverty, 47 S. Ct. 19, 71 L. Ed. ——, not yet [officially] reported. We do not so understand the decision, but, if an intention is to be ascribed to the act different from the import of the words in which it is phrased, we must leave it to that court to declare it.

[9] Concerning the third specification of negligence that the light was inadequate, the plaintiff testified that it was very dark on the dock; that he could see the windlass man, but that the windlass man could not see him, for the reason that the former was on the forecastle head, lower than the dock by 10 or 15 feet, while the plaintiff was standing back a little distance from the edge of the dock. Such was the plaintiff's final explanation of the reason why he could not be seen. In view of that evidence the court below ruled, properly, we think, that the failure to light the wharf was not the proximate cause of the injury. According to the plaintiff's testimony, more light could not have made him visible to the windlass man for the line of vision was bisected by the dock.

The judgment is affirmed.