## VAN NORDEN v. CHARLES R. McCORMICK LUMBER CO. OF DELAWARE.

Circuit Court of Appeals, Ninth Circuit.
August 6, 1928.

No. 5442.

1. Judgment ⊂⊃588—Judgment in personal injury action operated as judicial estoppel in subsequent action, wherein only distinctive feature was allegation that negligence of fellow servants caused accident (Oregon Workmen's Compensation Act; Laws Or. 1913, p. 188, § 15, as amended by Laws Or. 1917, p. 542, § 6).

Judgment in action for personal injuries *held* to operate as judicial estoppel in subsequent action between the same parties for the identical injury; the only distinctive feature alleged being that men whose negligence caused the accident were fellow servants of plaintiff, and that defendant had prior to accident elected not to take benefit of or become subject to the Workmen's Compensation Act of Oregon (Or. L. §§ 6785–6791) since the Compensation Act, by withdrawing from employer so electing the fellow-servant defense of common law (Laws 1913, p. 188, c. 112, § 15, as amended by Laws 1917, p. 542, c. 288, § 6), did not create a new cause of action.

2. Action ⊂⊃53(1)—Party has but one action on single cause.

A party has but one action on a single cause, and may not split his cause of action, or repeatedly sue thereon, on assertion of a new theory of law, or of additional grounds for recovery.

Appeal from the District Court of the United States for the District of Oregon; John H. McNary, Judge.

Action by Leonard Van Norden against the Charles R. McCormick Lumber Company of Delaware. Judgment for defendant, and plaintiff appeals. Affirmed.

Lord & Moulton, of Portland, Or., for appellant.

Ralph H. King and McCamant & Thompson, all of Portland, Or., and McCutchen, Olney, Mannon & Greene, Farnham P. Griffiths, and Joseph B. McKeon, all of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is an action for the identical personal injury for which damages were sought in Van Norden v. McCormick Lbr. Co. (C. C. A.) 17 F.(2d) 568. The parties also are the same, and the negligence alleged is that specified under "(2)" in the former opinion. Correctly, we think, the court below held that the judgment in that case operates as a judicial estoppel. The only distinctive feature here set forth is that the men who were in control of the

windlass and whose negligence, it is said, caused the accident, were fellow servants with plaintiff, and that defendant had, prior to the accident, elected not to take the benefit of or become subject to the Workmen's Compensation Act of Oregon (Or. L. §§ 6785–6791).

The contention is that, because of another provision of that act withdrawing from the employer so electing, the fellow-servant defense available under the common law, plaintiff exhibits a new and distinct cause of action. In this view we cannot concur; the Compensation Act does not purport to create a new cause of action. In terms it declares that upon the exercise of such option the "employer shall be entitled to none of the benefits of this act, and *shall be liable for injuries to or death of his workmen, which shall be occasioned by his negligence, default or wrongful act as if this act had not been passed*, and in any action brought against such an employer * * * it shall be no defense for such employer to show that such injury was caused in whole or in part by the negligence of a fellow servant of the injured workman," etc. Session Laws 1913, § 15, c. 112, p. 194; Session Laws 1917, § 6, c. 288, p. 546.

[1, 2] We are unable to see how it is material that at the prior trial the plaintiff was required to elect whether he would stand on the common law or upon the Oregon Employers' Liability Act. Whether he proceeded on the one theory or on the other, he was at liberty in either case to fortify his position and weaken that of his adversary by pleading the very matter he now relies on. In either case, by pleading that defendant had exercised its option under the Compensation Act, he would have occupied the precise position which he seeks to take under the instant complaint. The court did not deny him that footing, for he neither pleaded nor offered to establish it. Under the view for which he now contends, every injured employee of an employer in Oregon, who had elected not to come under the Workmen's Compensation Act, would have available at least two suits for a single injury. He might in any case first sue upon the theory that the persons whose negligence caused the accident were not his fellow servants, and, if unsuccessful, he could bring another suit like this. The practice would be violative of the fundamental principle that a party has but one action upon a single cause. He may not split his cause of action, or repeatedly sue thereon upon the assertion of a new theory of law, or of additional grounds for recovery. Bal-

timore, etc., v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. Ed. 1069; Miller v. Spokane Int. Ry. Co. (C. C. A.) 293 F. 748. We do not think that Troxell v. D., L. & W. R. R. Co., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586, is to the contrary.

Affirmed.